Citation Nr: 1736718 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 09-01 651 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a right knee disability, claimed as secondary to service-connected left knee disability.


REPRESENTATION

Appellant represented by: American Legion


ATTORNEY FOR THE BOARD

P. Noh, Associate Counsel



INTRODUCTION

The Veteran had active military service from March 1991 to June 1997. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. The Board remanded the case in June 2014 for further evidentiary development and adjudication. The matter has returned to the Board for appellate consideration. 

The Board finds that additional remand is required to the Agency of Original Jurisdiction (AOJ), as the medical opinion from the VA examiner is incomplete. Accordingly, the Board REMANDS this case for further evidentiary development and adjudication. 


REMAND

The Board finds that additional development is needed before the Veteran's claim can be decided, as the Board finds that VA did not substantially comply with the June 2014 Board remand. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Pursuant to the June 2014 remand, the Veteran was afforded a VA examination in July 2015, with an addendum opinion added to the record on March 28, 2017. The Board finds that the March 2017 opinion is incomplete. Specifically, the medical opinion did not address aggravation of the right knee disability from the service-connected left knee disability. Instead, the VA examiner opined only that the Veteran's right knee condition was less likely than not "proximately due to or the result of" his service connected left knee disability. As such, this opinion requires an addendum to address the issue of aggravation. See El-Amin v. Shinseki, 26 Vet. App. 136, 140-141 (2013); Allen v. Brown, 7 Vet. App. 439 (1995). Thus, the claim must be remanded for an addendum opinion so that the issue of aggravation can be addressed.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion from the examiner who provided the March 2017 VA examination, or another appropriate medical professional if the examiner is unavailable. The electronic claims file must be made available to be reviewed by the examiner, and a note that it was reviewed should be included in the report. If the reviewer determines that additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled. 

After reviewing the claims file, the reviewer must determine if it is at least as likely as not (a fifty percent probability or greater) that the Veteran's right knee disability has been aggravated (permanently worsened beyond the natural progress of the disorder) by the service-connected left knee disability.

If aggravation is found, please identify to the extent possible the baseline level of disability prior to the aggravation and determine what degree of additional impairment is attributable to aggravation of the right knee disability by the service-connected left knee disability.

A detailed rationale for the opinion must be provided. If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

2. Thereafter, readjudicate the issue of entitlement to service connection for a right knee disability as secondary to a service-connected left knee disability. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case. The Veteran and his representative should be afforded the applicable time period to respond. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that is remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).